**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA M. RUSK,**

                **Plaintiff,**              1:11-cv-874
                                                                    (GLS)
              **v.**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter M. Margolius       PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, NY 12414

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    VERNON NORWOOD
United States Attorney              Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Mary Ann Sloan
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

**<u>MEMORANDUM-DECISION AND ORDER</u>**

## I. Introduction

Plaintiff Linda M. Rusk challenges the Commissioner of Social Security's denial of disability insurance benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Rusk's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. Background

On January 7, 2009, Rusk filed an application for DIB under the Social Security Act ("the Act"), alleging disability since November 24, 2007. (*See* Tr.[1] at 12.) After her application was denied, Rusk requested a hearing before an Administrative Law Judge (ALJ), which was held on August 5, 2010. (*See id.* at 12, 25.) On August 26, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-3, 9-20.)

Rusk commenced the present action by filing a complaint on July 26,

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 8.)

2

2011 wherein she sought review of the Commissioner's determination. (*See* Compl. at 1.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 10, 12.)

### III. Contentions

Rusk contends the Commissioner's decision is not supported by substantial evidence. Specifically, Rusk claims the ALJ: (1) failed to accord adequate weight to the opinions of her treating mental health provider and primary care physician; and (2) failed to appropriately determine her Residual Function Capacity ("RFC"). (*See* Dkt. No. 10 at 1, 3-5.) The Commissioner counters that substantial evidence supports the ALJ's decision. (*See generally* Dkt. No. 12.)

### IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 10 at 1-3; Dkt. No. 12 at 2-11.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the

Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.  Treating Physician/Provider Rule

Rusk's principal argument is that the ALJ failed to accord "adequate weight" to the opinions of her mental health providers at Greene County Mental Health,[2] consultive examiner Dr. Kerry Brand and her primary care physician, Dr. Ronald Pope.  (*See* Dkt. No. 10 at 3-4.)  Given that the ALJ gave each of these opinions some weight, (*see* Tr. at 17-19), it appears that Rusk's actual argument is that these opinions deserved controlling weight.  The court disagrees.

Normally, the commissioner is required to give controlling weight to a treating provider's medical opinions if they are supported by acceptable diagnostic techniques and are not inconsistent with other substantial

---

[2]  To the extent Rusk disagrees with the ALJ's assessment of the opinions of social workers at Greene County Mental Health, those opinions are ineligible for controlling weight, as social workers are not "'acceptable medical source[s].'"  *See Bliss v. Comm'r of Soc. Sec.*, 406 F. App'x 541, 541 (2d Cir. 2011) (quoting 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2)).

evidence in the record.  *See, e.g., Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  However, the "ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner."  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks and citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability."  *Id.*  Thus, a treating physician's disability assessment is not determinative.  *See id.*; *see also* 20 C.F.R. § 404.1527(e).

Here, the ALJ considered and accorded less than controlling weight to the opinions of Drs. Brand and Pope as both reached conclusions that were inconsistent with, among other things, their treatment notes and Rusk's statements.  (*See* Tr. at 18-19.)  For example, Dr. Brand opined that Rusk "may have some difficulty maintaining attention," a regular schedule, learning new tasks, making appropriate decisions, relating with others and dealing with stress.  (*Id.* at 474.)  But the preceding two pages of her report show no exceptions in, *inter alia*, cognitive functioning, attention and concentration, and/or thought process.  (*See id.* at 472-73.) Moreover, Rusk herself admitted that she did the following activities of daily

living: dressed, bathed and groomed herself; cooked and prepared food; cleaned her home; cared for an elderly woman; was able to get along with family, friends, bosses and authority figures; moved into a new home and was able to unpack boxes; volunteered at her church; drove a car; babysat; assisted her boyfriend at his carpentry job; and enjoyed crocheting, doing puzzles, baking, hunting and fishing. (*See* Dkt. No. 12 at 19-20; *see also* Tr. at 16-18, 42-43, 49, 186-92, 196, 473-74.) Likewise, Dr. Pope's opinion that Rusk could not "ambulate at a reasonable pace secondary to shortness of breath" contradicts his own examination records and the activities of daily living Rusk admitted she performed. (Tr. at 18-19, 740-44.)

In sum, the portions of Drs. Brand and Pope's opinions that Rusk relies on are, simply put, inconsistent with the record as a whole and thus, are not entitled to controlling weight. *See Halloran*, 362 F.3d at 32. The ALJ's decision is, therefore, affirmed.

**B.     RFC Determination**

Rusk next claims the ALJ's RFC assessment is not supported by substantial evidence. (Dkt. No. 10 at 4-5.) Again, the court disagrees. A claimant's RFC "is the most [she] can still do despite [her] limitations." 20

6

C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[3] in the record. *See* 42 U.S.C. 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ found that Rusk is capable of light work but "should avoid environments with known respiratory irritants." (Tr. at 15.) Based on the activities she herself admitted to performing, the fact that her Global Assessment of Functioning rating "improved from each session to the next," and the other medical evidence in the record, (*see* Tr. at 16-18, 42-43, 49, 186-92, 196, 473-74), Rusk's argument that the RFC assessment was flawed is untenable. (*See* Dkt. No. 10 at 4-5.) Notwithstanding Rusk's selective citations to evidence which supports her claim, (*see id.*), the record as a whole demonstrates the ALJ's RFC assessment is supported

---

[3] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotations omitted).

by substantial evidence and is thus conclusive. *See Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990); *Perez*, 77 F.3d at 46.

## C. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Rusk's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 16, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court